QUINTINA PADÍN CASTRO, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 966. Argued May 7, 1934.—Decided July 24, 1934.

*Edelmiro Martínez Rivera* for a petitioner. *Andrés Mena* for intervenor and defendant in main action.

MR. JUSTICE WOLF delivered the opinion of the Court.

From the petition for a writ of certiorari it appears that Quintina Padín Castro began in the District Court of Humacao an action to foreclose a mortgage under the summary process of the Mortgage Law. The defendants were the members of a succession. One of them resided in Isabela within the jurisdictional district of Aguadilla and an order to make payment was served on her in Isabela. The rest of the heirs resided in Humacao where they were per-

sonally notified by the marshal of the District Court of Humacao. Then the plaintiff discovered that the minors in the case were under the tutorship of the American Colonial Trust Company with its domicile in San Juan, and thereupon the plaintiff obtained an additional order from the court which was executed by the marshal of the District Court of San Juan and served on the said American Colonial Trust Company. Thereafter the defendants came into court and asked that the proceedings be annulled because the notification to the tutor was not made by the marshal of the District Court of Humacao and for other reasons. The order of the District Court of Humacao was a general one and named no marshal or other official who should execute it. We are referring, of course, to the fact that the court maintained that there was no due order served on the American Colonial Trust Company. The court and the respondents allege that a general order or the court should be understood as directed only to the marshal of the District Court of Humacao. As we understand it, it is also maintained that no one but the marshal of the District Court of Humacao had authority to serve the order in this case. The order named no official.

Section 88 of the Code of Civil Procedure provides:

"The secretary must endorse on the complaint the day, month and year that it is filed, and at any time within one year thereafter, the plaintiff may have a summons issued; and if the action be brought against two or more defendants, who reside in different districts, may have a summons issued for each of such districts. . . ."

Section 245 of the same Code is as follows:

"Where the execution is against the property of the judgment debtor, it may be issued to the marshal of any district in the Island. Where it requires the delivery of real or personal property, it must be issued to the marshal of the district where the property, or some part thereof, is situated. Execution may be issued at the same time to different districts."

This is not a case like *Solá* v. *Castro*, 32 P.R.R. 740, where one marshal indorsed his order to another marshal and the party was located in a place different from where the order was issued. The case of *Lawton* v. *P. R. Fruit Exchange*, 42 P.R.R. 282, is more applicable and, as here, the order was issued by the secretary of the court where the property was located and proceedings begun. And Section 245 of the Code of Civil Procedure was cited. The petitioner points out that neither by the Mortgage Law nor its rules was there anything to indicate the person who should execute the order of payment and that *Perales* v. *Court*, 43 P.R.R. 865 is an authority also for the fact that the marshal is the proper person to execute such an order.

The order of the District Court of Humacao, after reciting the facts simply said: "The secretary of this court shall issue an order of demand for payment duly complying with this order, and it shall be served in the form and manner provided by law." We are not clear exactly how this order arrived in the hands of the marshal of the District Court of San Juan, but whether it was the secretary of the District Court of Humacao who notified him directly or whether it was the attorney who put a copy of the order in the hands of the marshal of the District Court of San Juan, makes no difference. The various cited Sections of the Code of Civil Procedure convince us that the proper person to execute orders in San Juan is the marshal of the District Court of San Juan and not the marshal of the District Court of Humacao.

The order of the District Court of Humacao refusing to make the auction sale should be annulled and the record sent back to the District Court of Humacao for further proceedings not inconsistent with this opinion.